IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

JOHNNY H. HALL                                                                                          PLAINTIFF
ADC #128321

V.                                      NO.  2:07cv00032 WRW-JWC

CORRECTIONAL MEDICAL SERVICES, et al                                   DEFENDANTS

PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

I. Instructions

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of these findings and recommendations.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original,

of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR  72201-3325

## II.  Recommended Disposition

On March 1, 2007, Plaintiff, a pro se inmate currently confined to the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC"), filed this 42 U.S.C. § 1983 civil rights action (docket entry #2) along with a separate application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (docket entry #1).  Plaintiff submitted the proper financial information in compliance with § 1915(a)'s requirements; accordingly, in forma pauperis status was granted.

Plaintiff's complaint was too vague to enable the Court to determine whether it was frivolous or failed to state a claim for relief under § 1915A; accordingly, by order entered March 21, 2007 (docket entry #3), Plaintiff was directed to amend his complaint to very specifically explain: 1) how Defendant Clark was personally involved in or had knowledge of the actions of which he complained; 2) how Defendant Clark violated his constitutional rights; 3) how Defendant Williams was personally involved in or had knowledge of the actions of which he complained; 4) how Defendant Williams violated his constitutional rights; 5) how Defendant Correctional Medical Services ("CMS") was involved in the actions of which he complained; 6) how Defendant CMS violated his constitutional rights; 7) whether he alleged that CMS has a policy or custom of failing to act upon prior similar

complaints of unconstitutional conduct, which caused the constitutional injury at issue; 8) a description of the physical injuries he has suffered; 9) a short and concise list of each claim he made; and 10) whether he sued Defendants in an individual capacity, official capacity, or both.  Plaintiff was instructed to set forth specific facts concerning his allegations including, where applicable, dates, times and places.  Plaintiff has filed a one-page amended complaint in response that answers, in a single sentence, only the first question posed by the Court (see docket entry #6).

Federal courts are required to screen prisoner complaints seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  A federal court must dismiss a prisoner's complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  Id. § 1915A(b).  This Court may sua sponte dismiss a prisoner's complaint at any time if it determines that the action fails to state a claim upon which relief can be granted.  Id. § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1).

Dismissal for failure to state a claim is proper only if, accepting each allegation as true, it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972));  Murphy v. Lancaster, 960 F.2d 746, 748 (8th Cir. 1992).  In addition, pro se complaints must be liberally construed and held "to less stringent standards than formal pleadings drafted by lawyers."  Haines, 404 U.S. at 520-21.

### III.  Analysis

**A.  Defendant ADC**

This Court has previously noted (see docket entry #3) that Plaintiff has named the ADC as a Defendant.[1] The ADC is not a proper party to this action as it is not a "person" subject to suit under § 1983.  See Brown v. Missouri Dep't of Corr., 353 F.3d 1038, 1041 (8th Cir. 2004) (per curiam) (citing Will, 491 U.S. at 71) (Missouri Department of Correction was not proper party in § 1983 suit); Walker v. Zunker, 30 Fed. Appx. 625, 628 (7th Cir. 2002) (unpub. order) (Wisconsin Department of Corrections and Bureau of Health Services were not suable entities under § 1983; "state agencies are not 'persons' within the meaning of § 1983 and thus are not subject to suit"); Castillo v. Cook County Mail Room Dep't, 990 F.2d 304, 307 (7th Cir. 1993) (per curiam) (neither the Cook County Department of Corrections or its mail room as a subdivision of the department are entities subject to suit); Strickler v. Waters, 989 F.2d 1375, 1388 (4th Cir. 1993) (Virginia Department of Correction is not a "person" subject to suit); Johnson v. State of Nebraska, Dep't of Corr. Serv., 806 F. Supp. 1412, 1420 (D. Neb. 1992) (state or state agency is not a proper defendant in § 1983 case).  For this reason, the ADC should be dismissed as a Defendant to this action.

**B.  Defendant CMS**

Plaintiff has also named CMS as a Defendant.  In order to subject CMS to § 1983 liability, Plaintiff must show that it had a policy or custom of failing to act upon prior similar complaints of unconstitutional conduct, which caused the constitutional injury at issue.  See

---

[1] The Eleventh Amendment bars a citizen from bringing suit in federal court against a state, a state agency, or a state official sued in his official capacity for monetary damages which must be paid from public funds in the state treasury.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Barnes v. State of Missouri, 960 F.2d 63, 64 (8th Cir. 1992) (per curiam); Nix v. Norman, 879 F.2d 429, 431-32 (8th Cir. 1989).

Clay v. Morgan, 79 Fed. Appx. 940, 941 (8th Cir. 2003) (unpub. per curiam) (citing Sanders v. Sears Roebuck & Co., 984 F.2d 972, 975-76 (8th Cir. 1993)) ("A corporation like CMS can be liable only if it acts under color of state law, and its policies, customs, or actions by those who present policy inflict injury actionable under section 1983"); Burke v. N.D. Dep't of Corr. & Rehab., 294 F.3d 1043, 1044 (8th Cir. 2002) (per curiam) (corporation acting under color of state law may be liable only if policy, custom, or action by those who represent official policy inflicts injury actionable under § 1983); Leach v. Norris, 34 Fed. Appx. 510, 511 (8th Cir. 2002) (unpub. per curiam) (citing Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir.1999)) (any claims against CMS must fail because plaintiff failed to allege the existence of an unconstitutional policy or custom).  In this case, Plaintiff has not pled (despite the opportunity to do so) that CMS has a policy or custom of failing to act upon prior similar complaints of unconstitutional conduct, which caused the alleged constitutional injury at issue.  For this reason, his claims against CMS should be dismissed.

**C.     Defendant Williams**

Plaintiff names Bernard Williams as a Defendant; however, except for naming this Defendant in the caption of his original complaint, Plaintiff makes no other mention of him despite being directed to do so in his amended complaint.  For a defendant to be held liable under 42 U.S.C. § 1983, he must have personally participated in, or had some responsibility for, the particular act which deprived Plaintiff of a constitutionally protected right.  Ellis v. Norris,179 F.3d 1078, 1079 (8th Cir. 1999) ("despite having been ordered to amend his complaint to clarify how . . . defendants upon whom he sought service had violated his constitutional rights, [plaintiff] failed to allege facts supporting any individual defendant's personal involvement or responsibility for the violations"); see also Beck v.

LaFleur, 257 F.3d 764, 766 (8th Cir. 2001) (plaintiff failed to allege sufficient personal involvement by any defendant to support a claim); Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985) ("Although it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions."); Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir.1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."). Plaintiff has failed to allege a single fact in support of a claim against Defendant Williams despite being ordered to amend for clarification; therefore, his claims against this Defendant should be dismissed.

**D.    Defendant Clark**

With respect to Defendant Clark, Plaintiff alleges (in his original complaint) that he fell on January 16, 2007, and hit his head on his cell bars. He was taken to see Defendant Clark who, he claims, told officers that there was nothing wrong with him, and failed to prescribe him pain medication or take x-rays. Plaintiff was seen again by Defendant Clark on February 13, 2007. He alleges that Defendant Clark refused to give him a "two mat" script for his osteoarthritis even though three different units had given him the same script for the past two years. He further alleges that Defendant Clark failed to renew his diet script and allergy medications. Defendant Clark did issue Plaintiff a script for Ibuprofen; however, it makes Plaintiff's acid reflux worse. Plaintiff also generally complains that his medications for acid reflux, back pain, allergies, and his Prozac are given only intermittently at best.

By order entered March 21, 2007 (see docket entry #3), Plaintiff was directed to amend his complaint to very specifically explain, among several other things, whether he sued Defendants in an individual capacity, official capacity, or both. As with nine of the ten

questions posed, he failed to answer this one. Public officials may be sued under § 1983 in either their official or individual capacity, or both. Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999). To sue a public official in his individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise it will be assumed that the defendant is being sued only in an official capacity. Id. Plaintiff seeks an unspecified amount of monetary compensation for pain and suffering from Defendants in an official capacity.[2] Plaintiff's claim for damages against Defendant Clark in an official capacity is barred.

The Eleventh Amendment bars a citizen from bringing suit in federal court against a state, a state agency, or a state official sued in his official capacity for monetary damages which must be paid from public funds in the state treasury. Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Barnes v. State of Missouri, 960 F.2d 63, 64 (8th Cir. 1992) (per curiam); Nix v. Norman, 879 F.2d 429, 431-32 (8th Cir. 1989). However, a state official may nevertheless be sued in an individual capacity for action taken in an official capacity and such a claim is not barred by the Eleventh Amendment. Hafer v. Melo, 502 U.S. 21, 25 (1991). Only two exceptions exist to Eleventh Amendment immunity: (1) "where Congress has statutorily abrogated such immunity by 'clear and unmistakable language,'" or (2) where a state has waived its immunity to suit in federal court, but "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." Barnes, 960 F.2d at 64-65 (citing Welch v. Texas Dep't of Highways & Pub. Transp., 483 U.S. 468, 473-74 (1987)). Neither

---

[2] Plaintiff does not state the capacity in which he sues Defendants; therefore, it must be assumed that Defendants are sued in their official capacities only.

exception is applicable to Plaintiff's case.  See Will, 491 U.S. at 66.  For these reasons, Defendant Clark should be dismissed on Eleventh Amendment grounds.

## IV. Conclusion

In accordance with the above, IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's claims against the Arkansas Department of Correction and Correctional Medical Services should be DISMISSED IN THEIR ENTIRETY WITH PREJUDICE.

2. Plaintiff's claims against Defendants Williams and Clark should be DISMISSED IN THEIR ENTIRETY WITHOUT PREJUDICE, thereby dismissing this case in its entirety.

3. All pending motions should be DENIED AS MOOT.

4. This dismissal should count as a "strike" as frivolous pursuant to 28 U.S.C. § 1915(g).[3]

DATED this 23rd day of May, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the in forma pauperis statutes] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.